# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

ANTHONY YOUNG, :
:
    Petitioner, :
:
v. : CASE NO. 4:10-CV-136-CDL-MSH
: 28 U.S.C. § 2254
WILLIAM TERRY, Warden, :
:
    Respondent. :
_____

## RECOMMENDATION OF DISMISSAL

Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Corpus Rules"). Pursuant to Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must* dismiss the petition . . . ." Habeas Corpus Rule 4 (emphasis added). Because Petitioner filed his application for a writ of habeas corpus outside the one year statute of limitations, his petition is due to be dismissed under Rule 4.[1]

## BACKGROUND

On September 18, 1984, in the Superior Court of Randolph County, Petitioner Anthony Young was found guilty of two counts of malice murder. *Young v. State*, 255 Ga.

---

[1] Along with his application for a writ of habeas corpus, Petitioner filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) This motion is granted *only* for purposes of this recommendation of dismissal. If Petitioner's application for habeas relief is not dismissed upon preliminary review, the Court will revisit Petitioner's motion to proceed IFP.

143, 143, 335 S.E.2d 864, 864 (1985).[2] Petitioner was sentenced to two concurrent life sentences. (Doc. 1 at 1.) Petitioner appealed, and his conviction and sentence were affirmed by the Georgia Supreme Court on November 5, 1985. *See generally Young*, 255 Ga. 143, 335 S.E.2d 684.

Petitioner claims that he filed an application for state habeas relief in Muscogee County in 1986 or 1987 which was subsequently denied on an unknown date. (Doc. 1 at 3.) It also appears from Petitioner's application for habeas relief, that he filed another state petition for habeas relief in Bibb County, Georgia. (Doc. 1 at 5-6.) That petition for relief was dismissed as successive on September 16, 2009. (Doc. 1 at 6.) The Georgia Supreme Court denied his application for a certificate of probable case to appeal on January 11, 2010. (Doc. 1 at 6.) On December 9, 2010, Petitioner executed his federal application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1 at 27.)

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas

---

[2] At page 1 of his application for federal habeas relief, Petitioner states that he was sentenced on September 17, 1984. Since the Georgia Supreme Court's date gives Petitioner an extra day within which to file his Petition for habeas relief, the Court uses that later date to determine the statute of limitations.

2

corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336, 1339 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final."* The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By final, we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708.

*Id*. at 1338.

Here, the limitations period has expired and Petitioner's petition is untimely. Petitioner was convicted and sentenced on September 18, 1984. Petitioner timely filed a direct appeal in which his sentence was confirmed. The Georgia Supreme Court issued its decision on November 5, 1985. *Young*, 255 Ga. at 143, 335 S.E.2d at 864. Thereafter, Petitioner had 90 days within which to petition the United States Supreme Court for certiorari. Sup. Ct. R. 13.1. Petitioner did not file for certiorari with the United States Supreme Court, and his judgment of conviction became final on February 3, 1986. *See Bond v. Moore,* 309 F.3d 770, 773-74 (11th Cir. 2002) (applying *Kaufmann* to § 2254 cases).

Where a petitioner's final judgment precedes the effective date of the AEDPA, the Eleventh Circuit has held that state prisoners have until April 23, 1997, to file their federal habeas actions, measured by one year from the enactment date of the AEDPA. *Wilcox v. Fla. Dep't of Corrs.*, 158 F.3d 1209 (11th Cir 1998). However, Petitioner did not file his federal habeas petition until December 9, 2010, over thirteen years too late. A filing deadline cannot be complied with, substantially or otherwise, by filing even one day late. *Carlisle v. United States*, 517 U.S. 416, 430 (1996). Thus, the AEDPA statute of limitations bars Petitioner's application.

THEREFORE, IT IS RECOMMENDED that Petitioner's action be **DISMISSED** pursuant to Habeas Corpus Rule 4. Petitioner's motion to proceed IFP is granted for purposes of this report and recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this

recommendation.

**SO RECOMMENDED,** this 10th day of December, 2010.

                                      S/Stephen Hyles
                                      UNITED STATES MAGISTRATE JUDGE